**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PHILLIP E. ODOM
and JENNIFER ODOM,

      Plaintiffs,

         v.

BOROUGH OF TAYLOR, *et al.*,

      Defendants.

CIVIL ACTION NO. 3:05-CV-0341

(JUDGE CAPUTO)

<u>**MEMORANDUM**</u>

Presently before the Court is Defendants, Borough of Taylor, Borough of Taylor Police Department, Officer John Harrison, Officer Cord Mickavicz and Officer Stephen Derenick's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Doc. 10). For the reasons set forth below, the Court will grant Defendants' motion in part and deny it in part. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**BACKGROUND**

According to the facts as alleged in Plaintiffs' Complaint, this case arises out of injuries sustained by Phillip Odom on February 22, 2003, when he was physically assaulted, beaten, verbally abused, subjected to the use of chemical spray, and falsely imprisoned by the Defendants. (Doc. 1 ¶ 23.) Specifically, Mr. Odom asserts that he was lawfully on the premises of the Taylor Police Department while waiting for his nephew to provide a statement to the police in connection with an unrelated matter. (Doc. 1 ¶ 22.) Without cause or justification, officers allegedly wrestled, grabbed, pepper sprayed, handcuffed, and tripped Mr. Odom; and then placed him into a prison detention

cell.  (Doc. 1 ¶¶ 55, 60.)  Plaintiffs contend that Defendants' actions were racially

motivated and racially discriminatory towards Mr. Odom, an African American.  (Doc. 1 ¶

25.)  Plaintiffs then filed a Complaint on February 17, 2005.  (Doc. 1.)  On or about

February 23, 2003, the Borough of Taylor, the Borough of Taylor Police Department,

Officer Cord Mickavicz and Officer John Harrison filed a criminal complaint against Mr.

Odom in the Lackawanna County Court of Common Pleas, charging Mr. Odom with

simple assault, resisting arrest, and disorderly conduct.  (Doc. 1 ¶ 132.)  The underlying

criminal procedures terminated in Mr. Odom's favor.  (Doc. 1 ¶ 135.)  On April 25, 2005,

Defendants filed the present Motion to Dismiss (Doc. 10.)  The motion is briefed and ripe

for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

a complaint, in whole or in part, for failure to state a claim upon which relief can be

granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint

as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be

granted under any set of facts consistent with the allegations in the complaint."  *Trump*

*Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the

complaint, exhibits attached to the complaint and matters of public record.  *See Pension*

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court may also consider "undisputedly authentic" documents where the plaintiff's

claims are based on the documents and the defendant has attached a copy of the

document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### 1.      Taylor Borough Police Department

Defendants argue that Taylor Borough Police Department is not a proper party to this action, because it is an agency of Taylor Borough. I agree. Police departments cannot be sued in conjunction with municipalities, as the police department is merely an administrative arm of the local municipality and is not a separate judicial entity. *See, e.g., Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004). Therefore, Defendant Taylor Borough Police Department will be dismissed from suit and Defendants' motion will be granted in this respect.

**2.      Official capacity claims**

Plaintiffs' allege claims against Officer John Harrison, Officer Cord Mickavicz,

Chief Stephen Derenick in their individual and official capacities as police officers for the

Borough of Taylor Police Department.  Defendants seek dismissal of the official capacity

claims as redundant with Plaintiffs' claims against Taylor Borough pursuant to *Monell v.*

*Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  *See id.* at

690-91.  Actions against Defendants in their official capacities are "in all other respects

other than name" a suit against the government entity.  *Kentucky v. Graham*, 473 U.S.

159, 166 (1985).  As such, I will grant Defendants' motion to dismiss with respect to these

claims.

**3.      Section 1983**

Defendants assert that Plaintiffs have failed to state a claim upon which relief may

be granted under 42 U.S.C. § 1983.  Plaintiffs assert that they have stated claims for

violations of their rights under the  Fourth, Fifth, and Fourteenth Amendments.

Section 1983 provides that:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage . . . subjects, or causes to be
> subjected,  any  citizen  of  the  United  States  or  other
> persons within the jurisdiction thereof to the deprivation of
> any  rights,  privileges,  or  immunities  secured  by  the
> Constitution and laws, shall be liable to the party injured .
> . . .

Two elements must be present in order to state a Section 1983 claim: (1) the

conduct complained of must have deprived Plaintiffs of rights, privileges and immunities

secured by the Constitution or laws of the United States; and (2) the conduct must have

4

been committed by a person acting under color of state law.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993).

### a.    Fourth Amendment - Excessive Force

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Estate of Smith*, 318 F.3d 497, 515 (3d Cir. 2003) (quoting *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999)).

The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, "the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Graham v. Connor*, 490 U.S. 386, 397 (1989).  Factors to consider in making a determination of reasonableness include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight.  *See Graham*, 490 U.S. at 396.  A court in making a reasonableness assessment also may consider the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.  *See Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).  The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-

22 (1968)).

In the present case, Plaintiffs allege that Mr. Odom was seized by Defendants and place into a prison detention cell.  Further, Plaintiffs allege that Mr. Odom was on the premises of the Taylor Police Department, waiting for his nephew, when he was physically assaulted, beaten, verbally abused, and subjected to the use of chemical spray by the Defendants during the course of his seizure.  Therefore, viewing the Complaint in the light most favorable to Plaintiffs, Plaintiffs have sufficiently alleged that Defendants used unreasonable force during the course of seizing Mr. Odom.  As such, Defendants' motion will be denied with regard to Plaintiffs' Fourth Amendment claim.

> **b.    5th Amendment - Due Process**

Plaintiffs allege that their due process rights under the Fifth and Fourteenth Amendments have been violated by Defendants.  Defendants seek dismissal of Plaintiffs' Fifth Amendment claims, as Plaintiffs' Fifth Amendment due process claims are subsumed within their Fourteenth Amendment claims.  It is only through the Fourteenth Amendment that the Fifth is made applicable to the States, therefore Plaintiffs' claim is technically a Fourteenth Amendment claim.  *See, e.g., Chavez v. Martinez*, 538 U.S. 760, 780 n.1 (2003).  Therefore, Defendants' motion will be granted insofar as they request that Plaintiffs' claim be referred to under the Fourteenth Amendment.

**4.    Section 1985(3) - Conspiracy**

In order to state a claim under section 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons . . . [of] the equal protection

of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or

property or the deprivation of any right or privilege of a citizen of the United States."

*Ridgewood Bd. of Educ. v. N.E. ex rel M.E.*, 172 F.3d 238 , 253-54 (3d Cir. 1999)

(quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)); *see also Griffin v.

Breckenridge,* 403 U.S. 88, 102-03 (1971).  Thus, a claim under section 1985(3) requires

that there must be "some racial, or perhaps other class-based, invidiously discriminatory

animus behind the conspirators' action."  *United Bhd. of Carpenters v. Scott*, 463 U.S.

825, 834 (1983).

In order to allege a conspiracy, Plaintiff need only meet the liberal pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Leatherman*, 507 U.S. at

168; *see also, e.g.*, *In re Bayside Prison Litig.,* 190 F. Supp. 2d 755, 765 (D.N.J. 2002)

(citing *Ridgewood*, 172 F.3d at 253-54).  Rule 8 requires only a "short plain statement of

the claim showing that the pleader is entitled to relief."  FED. R. CIV. P.  8(a)(2).

Conclusory allegations of concerted action absent facts actually reflecting such action,

however, may be insufficient to state a conspiracy claim.  *Abbott v. Latshaw*, 164 F.3d

141, 148 (3d Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999); *see also Pellegrino Food

Products Co. v. City of Warren*, 136 F. Supp. 2d 391, 409-10 (W.D. Pa. 2000).

Defendants argue that Plaintiffs' Complaint is devoid of allegations that would

support a claim of conspiracy.  I agree.  Plaintiffs fail to allege a conspiracy amongst the

Defendants, since Plaintiffs offer only conclusory allegations of concerted action.

Therefore, Defendants' motion will be granted with regard to Plaintiffs' claim under

section 1985(3).

**5.      Municipal Liability - Taylor Borough**

For a municipality or other government entity to be liable under § 1983, Plaintiff must establish: (1) a deprivation of a constitutionally protected right; (2) resulting from a policy, practice, or custom.  *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978).  "Policy is made by an official statement of a 'decisionmaker possessing final authority to establish municipal policy,' and custom can be shown by the presence of a course of conduct that 'is so well-settled and permanent as virtually to constitute law.'"  *Chernavsky*, 2005 U.S. App. LEXIS 11173, at *5-6 (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)) (internal quotations omitted).  A municipality's failure to properly train its employees and officers can constitute a "policy" actionable under § 1983 only where the failure amounts to a deliberate indifference to the rights of the impacted person.  *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997).  This does not mean that municipal liability for failure to train can be predicated solely upon a showing that a city's employees could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury.  *Canty v. City of Philadelphia*, 99 F. Supp. 2d 576, 581 (E.D. Pa 2000) (citing *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1029-1030 (3rd Cir. 1991)).  Rather, there must be a deliberate or conscious choice by the municipality to not train before a municipality may be held liable under section 1983.  *Reitz*, 125 F.3d at 145.  Furthermore, evidence of an isolated incident is not sufficient to show the existence of custom or policy.  *See, e.g., Jones by & Through Jones v. Berwick Area Sch. Dist.*, No. 94-1818, 1995 U.S. Dist. LEXIS 21164, at *8 (M.D. Pa, March 13, 1995).  Isolated violations are not the persistent,

8

often repeated, constant violations that constitute a custom or policy. *Id.* Lastly, a direct

causal link between the policy or custom and the alleged constitutional violations must

also be present. *Chernavsky*, 2005 U.S. App. LEXIS 11173, at *6.

In the present case, Plaintiff has failed to allege how "in light of the duties assigned

to specific officers or employees the need for more or different training is so obvious, and

the inadequacy so likely to result in the violation of constitutional rights, that the

policymakers of the city can reasonably be said to have been deliberately indifferent to

the need." *See, e.g., Canty*, 99 F. Supp. 2d at 581. Plaintiff's allegations of an isolated

incident are insufficient to establish a policy, practice, or custom. As such, Defendants'

motion will be granted with respect to Plaintiffs' federal claims against Taylor Borough.

**6.     Qualified Immunity**

The doctrine of qualified immunity provides "government officials performing

discretionary functions . . . [a shield] from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

A defendant has the burden to establish that he is entitled to qualified immunity. *See*

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 n.15 (3d Cir. 2001). To determine whether

a particular defendant is entitled to the protections of qualified immunity, the Court must

first determine whether a constitutional violation has occurred. *Saucier v. Katz*, 533 U.S.

194, 201 (2001). Then, the Court must determine if the constitutional right at issue was

clearly established at the time of the alleged violation. *Id.* "The relevant, dispositive

inquiry in determining whether a right is clearly established is whether it would be clear to

a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*, at 202.  Qualified immunity is an objective question to be decided by the Court as a matter of law.  *Doe v. Groody*, 361 F.3d 232, 238 (3d Cir. 2004).  Further, the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stages of litigation.  *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002).  However, a decision on qualified immunity would "be premature when there are unresolved disputes of historical fact relevant to the immunity analysis."  *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005) (quoting *Curley*, 298 F.3d at 278.).

Defendants Harrison, Mickavicz, and Derenick argue that they are entitled to qualified immunity from Plaintiffs' section 1983 claims.  As discussed earlier, Plaintiffs have alleged that Defendants violated their rights under the Fourth Amendment.  In the present case, however, nearly all of the facts relevant to determining whether reasonable officers in Defendants' positions would have known that their conduct was unlawful are unresolved.  Therefore, it would be premature for the Court to grant immunity and Defendants are not entitled to qualified immunity from Plaintiffs' section 1983 claim at this time.

## 7.    State Law Claims

Plaintiffs' Complaint includes state law claims of negligence, assault and battery, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Defendants assert that Plaintiffs have failed to state a claim upon which relief may be granted for each of the claims.

10

a.    **Negligence - PSTCA**

Defendants assert that they are immune from Plaintiffs' state law negligence

claims under the Political Subdivision Tort Claims Act (PSTCA), 42 PA. CONS. STAT. ANN.

§§ 8541, *et seq.* (2004).

The PSTCA provides that no local agency shall be liable for any damages on

account of any injury to a person or property caused by any act of the local agency or an

employee thereof or any other person.  *Id.*  A local agency includes any government unit

other than the Commonwealth.  42 PA. CONS. STAT. ANN. § 8501.  Immunity under the

PSTCA is subject to two limitations.  First, the PSTCA provides eight exceptions to the

immunity.[1]  42 PA. CONS. STAT. ANN. § 8542.  None of these exceptions apply to the

Plaintiff's claims.  Second, individual employees are not immune from liability when their

conduct amounts to actual fraud, crime, actual malice or willful misconduct.  *See* 42 PA.

CONS. STAT. ANN. § 8550 n.17.

First, Defendants argue that Taylor Borough entitled to immunity under the PSTCA

from Plaintiffs' state law negligence claims.  I agree.  As such, these claims against

Taylor Borough will be dismissed.  Second, Defendants argue that Defendants Harrison,

Mickavicz, and Derenick are also entitled to immunity from Plaintiffs' state law negligence

claims.  I disagree.  Viewing the Complaint in the light most favorable to Plaintiffs,

Defendants Harrison, Mickavicz, and Derenick may have acted with actual malice or

willful misconduct.  Therefore, without further evidence relating to Plaintiffs' claims, I

---

[1]  The eight exceptions are: (1) Vehicle liability; (2) Care, custody or control of
personal property; (3) Real property; (4) Trees, traffic controls and street lighting;
(5) Utility service facilities; (6) Streets; (7) Sidewalks; and (8) Care, custody or
control of animals.

cannot determine that Defendants Harrison, Mickavicz, and Derenick are entitled to immunity under the PSTCA at this time.

### b.      Assault and Battery; False Imprisonment

Defendants assert that Plaintiffs have failed to allege in their Complaint any factual allegations which implicate Defendants in Plaintiffs' claims for assault and battery or false imprisonment.  Specifically, Defendants reference the arguments raised in reference to Plaintiffs' section 1983 claims for violation of their rights under the Fourth Amendment. As discussed previously, Plaintiffs have sufficiently alleged that Defendants used unreasonable force during the course of seizing Mr. Odom.  Furthermore, Plaintiffs have stated claims against Defendants for false imprisonment and assault and battery.  As such, Defendants' motion will be denied with regard to these claims.

### c.      Malicious Prosecution

A cause of action for malicious prosecution has three elements: the defendant must have instituted proceedings against the plaintiff (1) without probable cause; (2) with malice; and (3) the proceedings must have terminated in favor of the plaintiff.  *See, e.g., In re Larsen*, 616 A.2d 529, 587 (Pa. 1992).

In the present case, Plaintiffs allege that on or about February 23, 2003, the Borough of Taylor, Officer Cord Mickavicz and Officer John Harrison, with Officer Derenick's express or implied consent, filed a criminal complaint against Mr. Odom in the Lackawanna County Court of Common Pleas.  The criminal complaint charged Mr. Odom with simple assault, resisting arrest, and disorderly conduct.  Plaintiffs further allege that Defendants acted without probable cause and with malice.  Finally, Plaintiffs allege that

12

the underlying criminal procedures terminated in Mr. Odom's favor.  Plaintiffs have

sufficiently alleged a cause of action for malicious prosecution, and they are entitled to

offer evidence in support of their claim.  Defendants' motion will be denied with regard to

this claim.

      **d.**      **Intentional Infliction of Emotional Distress**

In order to recover for intentional infliction of emotional distress, a plaintiff must

show:  (1) extreme and outrageous conduct; (2) which was either intentional or reckless;

and (3) which caused severe emotional distress.  *Wisniewski v. Johns-Manville Corp*.,

812 F.2d 81, 85 (3d Cir. 1987) (citing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265,

1274 (3d Cir. 1979) (en banc)).  Outrageous conduct is that which goes beyond all

possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a

civilized community.  *Id.* (citing *Jones v. Nissenbaum, Rudolph, & Seidner*, 368 A.2d 770,

773 (Pa. Super. Ct. 1976) (citations omitted).  The Court must determine, in the first

instance, whether the alleged conduct could reasonably be regarded as so extreme and

outrageous as to permit recovery.  *Jones*, 368 A.2d at 774.

In this case, Plaintiffs claim that Mr. Odom was physically assaulted, beaten,

verbally abused, and subjected to the use of chemical spray by Defendants without

cause or justification, while he waited for his nephew to provide a statement to the police.

Reading the Complaint in the light most favorable to Plaintiffs, Defendants' alleged

conduct might be regarded as so extreme and outrageous as to permit recovery.

Therefore, I will deny Defendants' motions to dismiss with regard to this claim.  Plaintiffs'

are entitled to offer evidence on their claim for intentional infliction of emotional distress.

**CONCLUSION**

First, Defendant Taylor Borough Police Department is not a proper party to this action, because it is an agency of Taylor Borough, and all claims against the Taylor Borough Police Department will be dismissed from suit.  Second, Plaintiffs' official capacity claims are redundant with Plaintiffs' claims against Taylor Borough.  Third, viewing the Complaint in the light most favorable to Plaintiffs, Plaintiffs have sufficiently stated a claim under section 1983 for violation of their rights under the Fourth Amendment.  Fourth, It is only through the Fourteenth Amendment that the Fifth is made applicable to the States, therefore Plaintiffs' Fifth Amendment claim will be referred to under the Fourteenth Amendment.  Fifth, Plaintiffs failed to allege a conspiracy amongst the Defendants and, therefore, Defendants' motion will be granted with regard to Plaintiffs' claim under section 1985(3).

Next, Plaintiff's allegations of an isolated incident are insufficient to establish a policy, practice, or custom.  As such, Defendants' motion will be granted with respect to Plaintiffs' federal claims against Taylor Borough.  Further, it would be premature for the Court to grant Defendants Harrison, Mickavicz, and Derenick qualified immunity from Plaintiffs' section 1983 claims at this time.  However, Taylor Borough is entitled to immunity under the PSTCA from Plaintiffs' state law negligence claims.  Defendants Harrison, Mickavicz, and Derenick, on the other hand, may have acted with actual malice or willful misconduct and are not entitled to immunity under the PSTCA at this time.  Lastly, Plaintiffs have stated a claim against Defendants upon which relief may be granted with regard to their state law claims of false imprisonment, assault and battery,

14

malicious prosecution, and intentional infliction of emotional distress.

An appropriate Order will follow.

 February 21, 2006                                                  /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PHILLIP E. ODOM
and JENNIFER ODOM,

       Plaintiffs,

          v.

BOROUGH OF TAYLOR, *et al.*,

       Defendants.

CIVIL ACTION NO. 3:05-CV-0341

(JUDGE CAPUTO)

**ORDER**

     **NOW**, this   21st   day of February, 2006, **IT IS HEREBY ORDERED** that Defendants, Borough of Taylor, Borough of Taylor Police Department, Officer John Harrison, Officer Cord Mickavicz and Officer Stephen Derenick's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Doc. 10) is **GRANTED in part** and **DENIED in part**:

    1.    Defendants' motion is **GRANTED** insofar as it seeks dismissal of:

        i.    All claims against the Taylor Borough Police Department;

        ii.    All claims against Defendants in their official capacities;

        iii.    Plaintiffs' section 1985(3) conspiracy claims;

        iv.    Plaintiffs' Fifth Amendment claims;

        v.    Plaintiffs' section 1983 claims against Taylor Borough; and

        vi.    Plaintiffs' state law negligence claims against Taylor Borough.

    2.    Defendants' motion is **DENIED** insofar as it seeks:

        i.    Dismissal of Plaintiffs' section 1983 claim for violation of their rights under the Fourth Amendment;

ii.     Dismissal of Plaintiffs' section 1983 claim for violation of their rights under the Fourteenth Amendment;

iii.    Qualified immunity from Plaintiffs' section 1983 claims;

iv.    Dismissal of Plaintiffs' state law claim for negligence against Defendants Harrison, Mickavicz, and Derenick;

v.     Dismissal of Plaintiffs' state law claim for assault and battery;

vi.    Dismissal of Plaintiffs' state law claim for false imprisonment;

vii.    Dismissal of Plaintiffs' state law claim for malicious prosecution; and

viii.   Dismissal of Plaintiffs' state law claim for intentional infliction of emotional distress.

.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge